# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SALISHA LOUISE BOYLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-1236-EFM-KGG |
| | ) | |
| DOLLAR TREE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## *NUNC PRO TUNC* MEMORANDUM & ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES, MOTION TO APPOINT COUNSEL, AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her federal court Complaint (Doc. 1), Plaintiff Salisha Louise Boylan has also filed a Motion to Proceed Without Prepayment of Fees ("IFP application," Doc. 3, sealed) with a supporting financial affidavit (Doc. 3-1). After review of Plaintiff's motion, as well as the Complaint, the Court **GRANTS** the IFP application (Doc. 3), **DENIES** her request for counsel (Doc. 4), and

**recommends** Plaintiff's claims be **dismissed** for failure to state a viable federal

cause of action.[1]

## A.      Motion to Proceed IFP.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of

an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  "Proceeding in forma pauperis in a civil case 'is a

privilege, not a right – fundamental or otherwise.'"  *Barnett v. Northwest School*,

No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v.

Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).  The decision to grant or deny in

forma pauperis status lies within the sound discretion of the court.  *Cabrera v.

Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999).

There is a liberal policy toward permitting proceedings in forma pauperis

when necessary to ensure that the courts are available to all citizens, not just those

who can afford to pay.  *See generally*, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir.

1987).  In construing the application and affidavit, courts generally seek to

compare an applicant's monthly expenses to monthly income.  See *Patillo v. N.

Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15,

2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan.

---

[1]  This *nunc pro tunc* Order corrects a clerical error in the original order.  (*See* page 10, n.3, below.)

July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Plaintiff indicates she is 40 and single with three dependents. (Doc. 3, sealed, at 1-2.) Plaintiff is currently unemployed but was previously employed as a sales associate by Harbor Freight Tools, earning a modest monthly wage. (*Id*., at 3.) She receives a small, monthly amount from a pension/trust fund/annuity/life insurance source as well as a small amount in government benefits. (*Id.*, at 4-5.) She has a claim for unemployment benefits currently on appeal. (*Id*., at 5.)

Plaintiff does not own real property or automobile and has no cash on hand. (*Id*., at 3-4.) She does not list any monthly expenses, including rent, groceries, or utilities. (*Id*., at 5.) She does, however, list an outstanding student loan, although this appears to be for one of her children who is over the age of 18. (*Id.*) Plaintiff has not previously for bankruptcy. (*Id*., at 6.)

The Court finds that, based on the information provided, Plaintiff's monthly expenses exceed her monthly income. As such, her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court thus **GRANTS** Plaintiff leave to proceed *in forma pauperis*. (Doc. 3, sealed.)

**B.      Request for Counsel.**

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 4.)  As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one.  *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1).  *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court."  *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of

volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed in Section A., *supra*, Plaintiff's financial situation would make it impossible for her to afford counsel. The second factor is Plaintiff's diligence in searching for counsel. Based on the information contained in the form motion, Plaintiff has been diligent, but unsuccessful, in her attempt to secure legal representation. (Doc. 4.) As for the next factor, the Court has concerns regarding the viability of Plaintiff's claims in federal court, as discussed in Section C., *infra*. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id*., at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf*. *Kayhill v. Unified Govern. of Wyandotte*, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves pro se on various types of claims

in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  As such, the Motion to Appoint Counsel (Doc. 4, sealed) is **DENIED**.

**C.**     **Sufficiency of Complaint and Recommendation for Dismissal.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency

standard as a Rule 12(b)(6) Motion to Dismiss. *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a pro se plaintiff. *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a pro se plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must

plead minimal factual allegations on those material elements that must be proved)).

"In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing Plaintiff's Complaint (Doc. 1) and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff brings employment discrimination claims "due to race, retaliation, wrongful termination, falsefying [sic] documentation, defimation [sic] of

character." (Doc. 3, sealed, at 1.) She also accuses Defendant of committing perjury during her unemployment hearing.[2] (Doc. 1, at 3.) Although Plaintiff indicates that she is "bi-racial, African American" (*id.*), her Complaint contains no facts to support her allegations that any of Defendant's alleged behavior was motivated by race or that individuals of other races were treated more favorably than she was. *Cf. **Lopez v. Reser's Fine Foods, Inc.***, 2013 WL 6587933, at *6, No. 12-4083-EFM-JPO (D. Kan. Dec. 13, 2013) (granting summary judgment where a plaintiff alleging age discrimination failed to provide evidence that younger workers were treated more favorably).

Further, although she alleges retaliation, the Complaint is devoid of any indication that such alleged retaliation was in response to Plaintiff engaging in otherwise protected behavior. "Protected activity" can include voicing informal complaints to supervisors. *See **Hertz v. Luzenac Am., Inc.***, 370 F.3d 1014, 1015 (10th Cir.2004). That stated, "to qualify as protected opposition, the employee must convey to the employer his or her concern that the employer has engaged in [an unlawful] practice." ***Hinds v. Sprint/United Management Co.***, 523 F.3d 1187, 1203. "'[A] vague reference to discrimination and harassment without any

---

[2] Plaintiff contends this discriminatory behavior occurred "around January 2016 – May 2017." (Id., at 2.) Plaintiff filed an administrative charge of discrimination on August 28, 2017, and received her "right to sue" letter on June 10, 2019, and again on August 7, 2019 (after she indicated she did not receive the first letter). (Id., at 2, 13.) Regardless, she timely filed her federal court Complaint on September 7, 2019.

indication that this misconduct was motivated by [plaintiff's membership in a protected class] does not constitute protected activity and will not support a retaliation claim.'" *Id.*, at n.13 (quoting *Anderson v. Acad. Sch. Dist. 20*, 122 Fed.Appx. 912, 916 (10th Cir.2004)). An employer cannot engage in unlawful retaliation if it does not know that the employee at least in part is engaging in protected activity. *See Petersen v. Utah Dept. of Corr.*, 301 F.3d 1182, 1188 (10th Cir.2002).

Plaintiff has <u>not</u> alleged facts to support her allegation that she engaged in the requisite protected activity prior to her termination.[3] She also has failed to allege any facts to support her allegation that her termination was racially motivated. Simply stated, Plaintiff has failed to state a cause of action for race discrimination and/or retaliation. The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to state a cause of action pursuant to federal law.

---

[3] The original text of this order incorrectly stated that "Plaintiff has alleged facts to support her allegation that she engaged in the requisite protected activity prior to her termination," omitting the word "not." This language has now been corrected. Plaintiff's charge of discrimination to the KHRC states that she "openly opposed acts and practices forbidden by the Kansas Act Against Discrimination." (Doc. 1, at 16.) The charge does not state what constituted this "open opposition" or what constituted the "forbidden practices." Plaintiff's federal court Complaint is also devoid of such allegations. (*See generally, id.*)

IT IS THEREFORE ORDERED that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **DENIED**.

IT IS **RECOMMENDED**, however, to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED**. The Clerk's office shall not proceed to issue summons in this case.

IT IS THEREFORE ORDERED that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 16th day of September, 2019.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge